# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASPER F. WILSON, | ) 1:15-cv-01424-BAM (PC) |
| Plaintiff, | ) ORDER DENYING MOTION REQUESTING COPY OF LETTER AND FOR COURT INTERVENTION |
| v. | |
| JEFFEREY A. BEARD, et al., | ) (ECF No. 6) |
| Defendants. | |

Plaintiff Jasper F. Wilson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. He has consented to the jurisdiction of a United States Magistrate Judge for all proceedings in this matter. (ECF No. 5.)

On October 2, 2015, Plaintiff filed the instant motion seeking a copy of a September 15, 2015 letter that he alleges he mailed to the Clerk of the Court with his complaint to be filed. (ECF No. 6, pp. 1-2.) The Court does not have any such letter, and thus must deny Plaintiff's request.

Importantly, Plaintiff contends that the letter contained some information and allegations that he was being threatened with retaliation by correctional staff at the California Correctional Institution for filing complaints and civil lawsuits. (ECF No. 6, pp. 2, 7, 12-13.) He further contends that he has now been retaliated against in various ways, including by being physically assaulted, and he believes the threat of harm continues. (Id. at 6-13.) He seeks "help" preventing future harm and injuries. (Id. at 13-14.)

The Court construes Plaintiff's motion as one that seeks preliminary injunctive relief. "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (citation omitted). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, among other things. Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration and Naturalization Serv., 753 F.2d 719, 727 (9th Cir.1983); see Fed.R.Civ.P. 65(d) (listing persons bound by injunction).

The Court takes Plaintiff's assertions seriously, but lacks jurisdiction to issue the relief requested. None of the correctional officers that he asserts have threatened to harm him, and have in some instances already harmed him, are defendants in his action. Thus, the case or controversy requirement cannot be met since the people Plaintiff seeks to enjoin are not parties to this action, and the pendency of this case provides no basis upon which to award him any injunctive relief.

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court. E.g., People v. Brewer, 235 Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104, 114 (2015) (a California trial court may grant habeas corpus petitioners prospective relief to redress recurring, persistent deprivations of prisoners' rights at correctional facilities). The issue is not that Plaintiff's allegations are not serious or that he is not entitled to relief if sought in the proper forum. The issue is that this

1  action cannot be used by Plaintiff obtain the relief he seeks. The seriousness of Plaintiff's
2  allegations concerning feared impending harm cannot and do not overcome what is a
3  jurisdictional bar. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 103-104 (1998)
4  ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's
5  case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of
6  establishing its existence.")

7       Alternatively, if Plaintiff would like the Court to provide notice to the Warden of the
8  California Correctional Institution of Plaintiff's contentions, he may so advise the Court by
9  responding to this order. However, Plaintiff is forewarned that the Court cannot guarantee that
10 the Warden could or would take any specific action, and the Court's request would be entirely
11 informal.

12       Accordingly, IT IS HEREBY ORDERED as follows:
13       1.     Plaintiff's request for a copy of a file-stamped, September 15, 2015 letter is
14 DENIED; and
15       2.     Plaintiff's request for court intervention, construed as a motion for preliminary
16 injunctive relief, is DENIED, with prejudice, for lack of jurisdiction.

18 IT IS SO ORDERED.

19   Dated:   **October 19, 2015**               /s/ *Barbara A. McAuliffe*
20                                           UNITED STATES MAGISTRATE JUDGE