UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASPER F. WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY A. BEARD, et al.,<br><br>　　　　　Defendants. | No. 1:15-cv-1424 KJM DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges use of the Guard One security check system when he was incarcerated at the California Correctional Institution ("CCI") violated his Eighth Amendment rights. Recently, this court asked the parties for their positions on a stay pending resolution of the interlocutory appeal in a related case. Both parties responded that a stay is appropriate. For the reasons set forth below, this court will recommend a stay of these proceedings pending the Ninth Circuit's resolution of the defendants' interlocutory appeal in Rico v. Beard, No. 2:17-cv-1402 KJM DB P.

**BACKGROUND**

Plaintiff is currently incarcerated at Calipatria State Prison. The events complained of occurred when he was incarcerated at CCI in 2014 and 2015.

////

1

Plaintiff alleges that starting in June 2014, defendants implemented security checks in the Security Housing Unit at CCI using the Guard One system. Plaintiff alleges that the hammering and beeping noises created by use of the Guard One system caused him loss of sleep, sensory deprivation, and migraine headaches in violation of his Eighth Amendment rights. Plaintiff identifies numerous defendants who can be divided into two groups – the high-level supervisory defendants who were involved in the initial implementation of Guard One at CCI and the floor officer defendants who were involved in the day-to-day use of the Guard One system there.

Defendants moved to dismiss the complaint alleging, among other things, that they are protected from suit by the doctrine of qualified immunity. In findings and recommendations issued March 11, 2019, this court recommended defendants' motion be granted in part and denied in part. (ECF No. 32.) This court found the high level supervisory defendants are entitled to qualified immunity. (Id. at 8.) This court further found the floor officer defendants are not so protected. Defendants filed objections to the findings and recommendations. (ECF No. 32.)

In 2018, the court related the present case to several other cases challenging the use of the Guard One security system in the California prisons. (See ECF No. 31.) On March 5, 2019, in Rico, Judge Mueller held that qualified immunity protected the high level supervisory defendants from suit but that the remaining defendants, those who reviewed the plaintiff's appeals and those who conducted the security tests, were not so protected. See No. 2:17-cv-1402 KJM DB P (ECF No. 102). The defendants remaining in that case then appealed. Id. (ECF No. 103). On appeal, they argue that the district court erred in denying them qualified immunity. See Appellants' Mediation Questionnaire, Rico v. Ducart, et al., No. 19-15541 (9th Cir. Mar. 29, 2019). The Rico appeal remains pending in the Ninth Circuit.

In June, this court ordered the parties to state their positions on a stay of these proceedings pending the Ninth Circuit's resolution of qualified immunity issues before it in Rico. (ECF No. 35.) Both parties responded that a stay is appropriate. (ECF Nos. 36, 37.)

This court agrees. The parties should not be prejudiced by a stay. Further, a stay of these proceedings will save judicial resources by avoiding duplicative litigation. See Adkins v. J.B. Hunt Transp., Inc., 293 F. Supp. 3d 1140, 1150 (E.D. Cal. 2018) (citations omitted); see also

Landis v. North Am. Co., 299 U.S. 248, 254 (1936); CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). The Ninth Circuit's ruling in Rico could very well affect the issues herein. If the present action proceeds at this time, the parties and this court may have spent time and resources unnecessarily. This court finds the equities weigh in favor of granting a stay.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be stayed pending the Ninth Circuit's resolution of the interlocutory appeal in Rico v. Beard, No. 2:17-cv-1402 KJM DB P.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 28, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/wils1424.stay fr